MORRIS CITRIN, Plaintiff, *v.* TITLE GUARANTEE AND TRUST COMPANY, Defendant.

Supreme Court, Special Term, New York County, March 25, 1943.

522

*Cornell S. Dikeman* for plaintiff.

*William T. Griffin* and *Joseph V. McKee* for defendant.

VALENTE, J. This is a motion by plaintiff for summary judgment. The action is brought to recover the sum of $8,500 deposited by the plaintiff with the defendant on or about December 23, 1929, as part of the corpus of a trust created by an indenture bearing that date.

In accordance with the provisions of the indenture the $8,500 was invested in a mortgage participation certificate. Under an expressly reserved right of complete or partial revocation the plaintiff, the settlor of the trust, revoked the same in June, 1941, as to the $8,500. Although the market value of the participation certificate was below par at the time of the revocation and the certificate continues to be worth less than par, the plaintiff claims that the defendant is liable for the full $8,500 by reason of a guarantee by the trustee in paragraph Sixth of the indenture " that there shall be no shrinkage or loss in the payment of the principal of such trust fund at the times when due." ·

The defendant, on the other hand, maintains that its guarantee against shrinkage of principal was intended to apply only

if the trust was permitted to continue until its normal termination date. Defendant argues that in the course of the normal term of the trust the value of the participation certificate may increase and may even reach par. It contends that it was never contemplated that the guarantee against shrinkage of principal would be available to plaintiff at whatever time he might choose to accelerate the normal termination of the trust by exercising his reserved power of revocation.

In the court's opinion the very language of paragraph Sixth of the indenture, in which the guarantee against shrinkage of principal is to be found, sustains the defendant's position and negatives plaintiff's claim that he is entitled to the return of the full $8,500. Paragraph Sixth, insofar as relevant here, reads as follows: " The trustee guarantees *to the beneficiary or beneficiaries of the income and principal* provided for hereunder * * * that there shall be no shrinkage or loss in the payment of the principal of such trust fund at the times when due." (Italics supplied.)

The italicized language appears to constitute a clear indication that the benefit of the guarantee was to be available only to the beneficiaries of the trust if it were permitted to continue in its normal course and not to the settlor of the trust who would take in the event of revocation. *Plaintiff, the settlor, was not the beneficiary of income or principal under the trust.* During his life the income was to be used for the payment of premiums on insurance policies included in the principal of the trust, and any excess of such income over $200 not required for the payment of premiums was to be invested. After the settlor's death, the income was to be paid partly to his widow and partly to his daughter, and the principal was ultimately to be paid in its entirety to the daughter. The only provision in the indenture for payment to the settlor is that which calls for the payment to him of the surrender value of lapsed policies in the event of there being insufficient income for the payment of all premiums. Obviously the guarantee against shrinkage of principal was not applicable to this provision for payment of the surrender value of lapsed policies. The restriction of the guarantee " to the beneficiary or beneficiaries of the income and principal " was obviously designed to exclude the settlor from the benefits thereof in the event of acceleration of the terminal date of the trust by reason of revocation or modification by the settlor.

The defendant has, it is true, been willing to make good the guarantee of interest also contained in paragraph Sixth, notwithstanding the fact that it might have resisted liability there-

for to the settlor as distinguished from the beneficiaries of the trust. Defendant should not, however, be penalized for its willingness to be held liable for interest by imposing upon it a liability for shrinkage of principal which it clearly never assumed as far as the settlor was concerned. The case is not one of the practical construction of doubtful language, for there is nothing equivocal or ambiguous about the limitation of the defendant's liability '' to the beneficiary or beneficiaries of the income and principal.''

The court accordingly holds that the plaintiff is not entitled to the $8,500, nor is he entitled to any part of the $8,500 in view of defendant's admitted willingness to tender the mortgage certificate to plaintiff as it had a right to do under the provisions of paragraph Fourth of the indenture.

The question is also presented as to the defendant's liability for interest in excess of that received by the defendant upon the participation certificate. The defendant did not guarantee a fixed rate of interest but only that there would be no default in the payment of interest on any securities in which the trust fund was invested. As a result of the reorganization of the mortgage the interest rate was reduced. The defendant is therefore not liable on its guarantee for the difference between the reduced rate and the original rate. There has been no default in the payment of interest on the certificate within the meaning of paragraph Sixth of the indenture.

Plaintiff's motion for summary judgment is accordingly denied.